**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-24-146-R** |
| | ) | |
| **CHANH IU PHU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Before the Court is Defendant Chanh "Shawn" Phu's Motion to Enjoin Prosecution and for Evidentiary Hearing [Doc. No. 378] and Motion to Dismiss Indictment for Government's Public Statements [sic] Press, or in the Alternative Direct the U.S. Attorney's Office to Remove the Press Release from the Internet [Doc. No. 376]. The United States responded in opposition [Doc. Nos. 384, 385] and both motions are now at issue.

Defendants Matthew Alan Stacy, Chong "Alex" Phu, and Chanh "Shawn" Phu are charged in an eight-count Indictment with various marijuana related offenses. Two of the charges are asserted against Mr. Shawn Phu. Count 3 alleges that Mr. Shawn Phu and Mr. Alex Phu knowingly and intentionally conspired to manufacture, distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Count 6 alleges that Mr. Shawn Phu knowingly and intentionally possessed with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Mr. Alex Phu previously entered a plea of

guilty [Doc. No. 330] and the trials for Mr. Stacy and Mr. Shawn Phu were severed at Defendants' request [Doc. No. 363].

In his Motion to Enjoin, Mr. Shawn Phu moves pursuant to Fed. R. Crim. P. 12(b) to enjoin his prosecution because it violates the Rohrabacher-Farr Amendment. The Rohrabacher-Farr Amendment is a congressional appropriations rider that precludes the Department of Justice from using funds to "prevent" states from "implementing" their own laws authorizing the use, distribution, possession, or cultivation of medical marijuana. *See* Consolidated Appropriations Act, 2024, Pub. L. No. 118-42, § 531, 138 Stat. 25, 174 (2024). Mr. Shawn Phu contends that at all times as alleged in the Indictment, he was lawfully licensed by state authorities to operate and transport cannabis and the rider therefore bars the DOJ from funding his prosecution.

The Court has already adjudicated and denied Mr. Shawn Phu's request. In 2024, Mr. Stacy filed a Motion to Enjoin [Doc. No. 67] arguing that his prosecution should be enjoined pursuant to the rider because his actions complied with state medical marijuana laws. Mr. Shawn Phu filed a motion adopting and joining Mr. Stacy's motion [Doc. No. 68]. Mr. Stacy and the United States submitted extensive briefing and an evidentiary hearing was held [Doc. No. 179, 180]. Mr. Stacy's motion to enjoin was denied because he did not meet his burden of showing that he substantially complied with state law [Doc. No. 212]. Mr. Shawn Phu did not present any evidence, or make any separate argument, in support of his request to enjoin the prosecution. Accordingly, Mr. Shawn Phu's request to enjoin was also denied because he did not meet his burden of showing that he substantially complied with state law.

In the present motion, Mr. Shawn Phu re-urges his request to enjoin the prosecution based on his compliance with state law. He does not make any attempt to explain why he failed to develop an argument or present evidence when this issue was previously litigated. Further, as the United States explains in its response, the evidence attached to Mr. Shawn's Phu's current motion was either available for the evidentiary hearing or adds no new information. Because the Court has already considered and rejected Mr. Shawn Phu's request to enjoin the prosecution under the appropriations rider, and he has not shown that reconsideration of this prior ruling is warranted, his request to enjoin the prosecution is denied. *See United States v. Gonzales Sanchez,* 329 F. App'x 802, 804 (10th Cir. 2009) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotation marks omitted); *United States v. Hendrix*, 673 F. App'x 850, 853 (10th Cir. 2016) ("Under the law of the case doctrine, a court should not reopen issues decided in earlier stages of the same litigation.") (internal quotation marks omitted).

In his Motion to Dismiss, Mr. Shawn Phu argues that the Indictment should be dismissed because a press release issued by the United States Attorney's Office threatens to violate his Sixth Amendment right to a fair and impartial trial. The press release [Doc. No. 376-1] describes the allegations in the Indictment, including that Mr. Shawn Phu and Mr. Alex Phu "served as a one-stop-shop for marijuana traffickers from other states seeking to set up marijuana grows, many of which operated on the black market." The press release

goes on to note that the prosecution is part of a task force that investigates and dismantles the "highest-level drug traffickers."[1]

Mr. Shawn Phu has failed to show that the press release is prejudicial such that it violates his right to an impartial jury. The press release essentially re-states the allegations in the Indictment (a publicly available document) and notes that the investigation was part of a particular task force. Although he includes some purportedly negative news articles about the charges, he has failed to establish the presence of pretrial publicity that is "so pervasive and prejudicial that a court could not expect to find an unbiased jury pool in the community." *Gardner v. Galetka*, 568 F.3d 862, 888 (10th Cir. 2009). Further, as the Court has previously explained, "[w]hether a jury harbors prejudice related to pretrial publicity is best determined during voir dire examination." *United States v. Pedraza*, 27 F.3d 1515, 1525 (10th Cir. 1994).

Mr. Shawn Phu also contends that the press release violates Oklahoma Rule of Professional Conduct 3.6 because it contains prejudicial extrajudicial statements by participating lawyers. Oklahoma Rule of Professional Conduct 3.6(a) provides that "[a] lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable lawyer would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have an imminent and materially prejudicial effect on the fact-finding

---

[1] Mr. Shawn Phu previously filed a motion seeking a change of venue based on negative publicity and biased comments, [Doc. No. 93], which the Court denied [Doc. No. 213].

process in an adjudicatory proceeding relating to the matter and involving lay fact-finders or the possibility of incarceration." The commentary for the Rule goes on to explain that

> Notwithstanding paragraph (a), many statements about a matter made by participating lawyers and their associates are unlikely to materially prejudice the fact-finding process in an adjudicative proceeding. While circumstances can result in an otherwise innocuous statement's having a materially prejudicial effect, accurate, factual statements of the following matters will not ordinarily violate the standard of Rule 3.6(a):
>
> (1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved; (2) the information contained in a public record; (3) that an investigation of the matter is in progress; (4) the scheduling or result of any step in litigation; (5) a request for assistance in obtaining evidence and information necessary thereto; (6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or the public interest; and (7) in a criminal case, in addition to items (1) through (6): (i) the identity and occupation of the accused; (ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person; (iii) the fact, time and place of arrest; and (iv) the identity of investigating and arresting officers or agencies and the length of the investigation. This list is illustrative, not exhaustive.

OK ST RPC Rule 3.6, cmt 4. Mr. Shawn Phu has not identified any statement in the press release that falls outside the categories identified in comment 4 or that violates Rule 3.6. Because he has failed to show that the press release violated any ethical rule or resulted in legal prejudice, his request to dismiss the Indictment is denied. His alternative request to remove the improper press release from the internet is also denied.

As set out above, Defendant Chanh "Shawn" Phu's Motion to Enjoin Prosecution and for Evidentiary Hearing [Doc. No, 378] and Motion to Dismiss Indictment for Government's Public Statements [sic] Press, or in the Alternative Direct the U.S.

Attorney's Office to Remove the Press Release from the Internet [Doc. No. 376] are DENIED.

IT IS SO ORDERED this 30th day of October, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**